# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ISTVAN RUZSA,

        **Plaintiff,**

v.                                   **Case No:   6:15-cv-695-Orl-41DAB**

STANLEY STEEMER, CO., MICHAEL J.
MACDONALD, P.A. and BRIDGEFIELD
EMPLOYERS INSURANCE, CO.,

        **Defendants.**

---

## REPORT AND RECOMMENDATION FOR DISMISSAL

**TO THE UNITED STATES DISTRICT COURT**

This cause comes before the Court on Plaintiff's filing a collection of documents which the Court will treat as a response to its May 5, 2015 Order to Show Cause why his Complaint should not be dismissed. Doc. 7. It is respectfully **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for lack of jurisdiction.

As the Court pointed out in the Order to Show Cause, Plaintiff's Complaint is for the most part unintelligible, but it appeared that he was attempting to sue a former employer, Defendant Stanley Steemer, Co., where he worked for three years, for injuries suffered when he was allegedly pushed over by a coworker and hit his head. He also listed as a Defendant Michael J. MacDonald, P.A., who apparently represented him in a workers compensation claim and reached a $10,000 settlement, which with Plaintiff is apparently dissatisfied. Apparently as a derivative claim arising out of his employment, Plaintiff also alleged a claim against the third Defendant, Bridgefield Employers Insurance Company, arguing he should have received health and dental insurance. He seeks damages of "five million dollars" from these Defendants. Doc. 1.

As the Court pointed out in its Order to Show Cause, on its face, Plaintiff's Complaint fails to properly allege any cognizable federal claim, nor does it allege a proper basis for federal court jurisdiction.   Under § 1331, the Court has jurisdiction over claims arising under the Constitution, laws, or treaties of the United States.   28 U.S.C. § 1331.   Plaintiff's claims for workers compensation, health/dental benefits, and malpractice are all claims under state law that do not allege a federal claim. The Court also pointed out that it does not have federal court subject matter jurisdiction over Plaintiff's claims based on "28 U.S.C. § 1332(a)," which confers federal district courts with jurisdiction over "diversity" cases.   A district court has jurisdiction over cases in which the parties are of diverse citizenship and the matter in controversy exceeds the sum or value of $75,000.   28 U.S.C. § 1332(a).   Plaintiff fails to allege the requisite facts in support of diversity jurisdiction, which requires complete diversity between Plaintiff and all of the Defendants to meet the criteria of § 1332.   Based on these deficiencies, on May 5, 2015, Plaintiff was ordered to show cause why the case should not be dismissed for lack of federal subject matter jurisdiction.

On May 19, 2015, Plaintiff filed 76 pages of documents which he described as " Istvan Ruzsa Plaintiff File Motions Local Rules 3.01, Qeuires [sic], Stanley Steemer Co. With My Work Injuries Claims Was Neglect [sic] Tort."   R. 11.   The vast majority of the documents are Plaintiff's medical records interspersed with descriptions of his injuries.   Doc. 11 at 3-51. The first page of the responsive material alleges that Plaintiff has had many physical injuries and he claims "he paid insurance" and he should have received "medical help sooner" from Bridgefield Employer Insurance Claims Center.   Doc. 11 at 2.

In the documents filed as an exhibit to the response, which the Court will treat as an amended complaint.   Though his claims are hard to discern, Plaintiff still alleges only state claims: when he was employed with his former employer, Stanley Steemer, he was assaulted and battered by a coworker (Doc. 11-1 at 5-6); he suffered various injuries; he sought and settle a claim for

workers compensation; he believes he was defraud by his workers compensation attorney, and he believes he should have received continuing health and dental benefits, although he has used Medicare and Medicaid benefits to pay his medical bills.  Doc. 11-1.  Of the statutes Plaintiff does cite in support, all are Florida statutes dealing with "abuse of the elderly" or workers compensation/fraud1 . *See, e.g.,* Doc. 11-1 at 7, 9, 13-16, 22-25.  As the Court explained previously, Plaintiff's Complaint and the response to the Order to Show Cause fail to properly allege any cognizable federal claim, or proper basis for federal court jurisdiction.

It is respectfully **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for lack of jurisdiction.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**DONE** and **ORDERED** in Orlando, Florida on June 9, 2015.

David A. Baker

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Parties

---

1 Plaintiff alleges in passing: "INSURANCE DEFRAUDING MY MEDICARE HEALTH CARE BENEFITS PROGRAMS AND INSURANCE VIOLATION OF FEDERAL LAW," and "TAX FRAUD," and "MONEY LAUNDERING."  Doc. 11-1 at 6.  This appears to be directed to Bridgefield Employers Insurance Company; Plaintiff as a private citizen, does not have standing to bring claims for Medicare fraud, tax fraud, or money laundering.