UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ISTVAN RUZSA,**

      **Plaintiff,**

v.                                                                 **Case No:  6:15-cv-695-Orl-41DAB**

**STANLEY STEEMER, CO., MICHAEL
J. MACDONALD, P.A. and
BRIDGEFIELD EMPLOYERS
INSURANCE, CO.,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on United States Magistrate Judge David A. Baker's Report and Recommendation (Doc. 17), which recommends that this case be dismissed for lack of subject-matter jurisdiction.

After an independent *de novo* review of the record and noting that no objections were timely filed, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation. Additionally, to the extent Plaintiff attempts to allege a violation of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, Plaintiff's claims are barred by the statute of limitations.[1] Plaintiff has attached various documents to his Complaint (Doc. 1) that appear to detail his payment history while

---

[1] Although a district court cannot typically raise an affirmative defense *sua sponte*, it is proper to do so when the defense is apparent from the face of the complaint and raising the defense would promote judicial economy. *See Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239–40 (11th Cir. 2010) (citing with approval *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987) for the proposition that affirmative defenses that are apparent from the face of the complaint can be raised by the court *sua sponte*).

employed by Defendant Stanley Steemer, Co. ("Stanley Steemer"). (*See generally* Doc. 1-3). All of these documents, however, are dated between 2009 and 2010. Plaintiff also alleges that his employment with Stanley Steemer terminated on December 30, 2010. (*Id.* at 1). "[T]he ordinary statute of limitations in cases brought under the FLSA is two years, [but] a cause of action arising out of a willful violation of the FLSA may be commenced within three years after the cause of action accrued." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1323 (11th Cir. 2007) (citing 29 U.S.C. § 255(a)). Even assuming that Plaintiff is alleging a willful violation of the FLSA, the statute of limitations on Plaintiff's claims lapsed on December 30, 2013, over a year prior to the filing of this lawsuit. Accordingly, Plaintiff has failed to state any federal cause of action and has not alleged diversity of citizenship. Therefore, this Court declines to exercise jurisdiction over Plaintiff's Complaint.

Furthermore, in his filings with the Court, Plaintiff submitted several documents containing his full social security number and date of birth. (*See* Doc. Nos. 1-1, 1-2, 1-3, 11). In a filing with the Court that contains either a social security number or a date of birth, the filing party may include only "the last four digits of the social-security number" and "the year of the individual's birth." Fed. R. Civ. P. 5.2(a)(1)–(2). Plaintiff's filings were not properly redacted, and accordingly will be stricken. *See Brown v. McConnell*, No. CV409-086, 2009 WL 2338001, at *2 n.3 (S.D. Ga. July 27, 2009).

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 17) is **ADOPTED** and **CONFIRMED** as modified herein.

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

3. Defendant Michael J. MacDonald, P.A.'s Motion to Quash and/or Dismiss (Doc. 15) is **DENIED as moot**.

4. The Clerk is directed to strike and delete Docket Entries 1-1, 1-2, 1-3, and 11 from the record.

5. Thereafter, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on August 5, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party